IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:25cr160 (DJN)

DAVANTE AANDRELL JEFFERSON,
Defendant.

## ORDER
### (Directing Government Filing)

This matter comes before the Court on its own initiative. The Court has reviewed the Indictment in this matter, which was returned by the grand jury on December 2, 2025, and observes that Ms. Halligan identified herself therein as the United States Attorney for this District. (ECF No. 1 at 3.) Ms. Halligan did so despite a binding Court Order entered by Senior United States District Judge Cameron McGowan Currie on November 24, 2025, in which Judge Currie found that the "appointment of Ms. Halligan as Interim U.S. Attorney violated 28 U.S.C. § 546 and the Appointments Clause of the U.S. Constitution." Opinion and Order Granting Motion to Dismiss Indictment, *United States v. Comey,* Case No. 1:25cr272-MSN (E.D. Va. Nov. 24, 2025), ECF No. 213 at 28. While the United States of America (the "Government") has appealed Judge Currie's Opinion and Order, no stay has been issued in conjunction with that appeal. *United States v. Comey*, Case No. 25-4674 (4th Cir.). Consequently, it remains the binding precedent in this district and is not subject to being ignored.

For these reasons, the Court hereby DIRECTS Ms. Halligan to file, within seven (7) days of the issuance of this Order, a pleading explaining the basis for Ms. Halligan's identification of herself as the United States Attorney, notwithstanding Judge Currie's contrary ruling. She shall

also set forth the reasons why this Court should not strike Ms. Halligan's identification of herself as United States Attorney from the indictment in this matter. Ms. Halligan shall further explain why her identification does not constitute a false or misleading statement. *See* Va. R. of Prof. Conduct 3.3(a) (2025) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal."); 7.1 ("A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services."); 8.4 ("It is professional misconduct for a lawyer to . . . (c) engage in conduct involving dishonesty . . . or misrepresentation which reflects adversely on the lawyer's fitness to practice law."); 3.4 ("A lawyer shall not . . . [k]nowingly disobey . . . a standing rule or a ruling of a tribunal made in the course of a proceeding"); *see also* E.D. Va. Loc. Crim. R. 83.1(M) ("All counsel admitted to practice before this Court pursuant to subsections (C), (D) [governing federal government attorneys "appearing pursuant to the authority of the United States Attorney's Office for the Eastern District of Virginia" and who do not otherwise require "admission to practice in this Court"], (E), or (F) shall be subject to the rules, conditions and provisions set forth in full as Appendix B to these Local Rules."); Fed. R. of Disciplinary Enforcement ("FRDE") IV(B) [set forth in Appendix B] ("Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the Virginia Rules of Professional Conduct adopted by this Court shall constitute misconduct and shall be grounds for discipline"); Memorandum Opinion, *In Re: Joseph D. Morrissey, Esq.*, Case No. 3:97ms16 (E.D. Va. Dec. 28, 1999), *aff'd* 305 F.3d 211 (4th Cir. 2002) ("Federal courts have the inherent power to control the admission of attorneys to their bars and to discipline attorneys who appear before them." (citing *Chambers v.*

*NASCO, Inc.,* 501 U.S. 32, 43 (1991) and *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824))).

The Government's pleading shall be signed by Ms. Halligan.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                  /s/
                                      David J. Novak
                                      United States District Judge

Richmond, Virginia
Dated: January 6, 2026