IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

      v.                                                    Criminal No. 3:25cr160 (DJN)

DAVANTE AANDRELL JEFFERSON,
     Defendant.

## ORDER
### (Revoking Magistrate Judge's Order of Release)

This matter comes before the Court on the Government's Motion for Revocation of Magistrate Judge's Order of Release pursuant to 18 U.S.C. § 3145(a)(1) (ECF No. 13 ("Motion")). On December 22, 2025, following the completion of a Pretrial Services Report, Defendant Davante Aandrell Jefferson ("Defendant") appeared before Magistrate Judge Speight for a detention hearing. (Motion at 4.) At the conclusion of the hearing, Judge Speight ordered Defendant released on a personal recognizance bond, subject to various conditions. (*Id.*) The Court conducted a hearing on the Motion for revocation of the bond order on January 7, 2026, during which it received evidence and heard arguments from the parties.

The Court reviews a Magistrate Judge's order *de novo* when acting on a motion to revoke or amend a pretrial release order pursuant to § 3145(a). *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). If the Court determines that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," the defendant must be detained pending trial. 18 U.S.C. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offenses

charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release. Because Count Two of the Indictment alleges a violation of 18 U.S. § 924(c)(1)(A)(ii), (ECF No. 1 at 2), a rebuttable presumption exists that Defendant shall be detained. 18 U.S.C. § 3142(e)(3)(b).

Having considered the evidence and arguments presented, the Court finds that Defendant has overcome the rebuttable presumption as to his risk of flight. However, under the factors set forth in § 3142(g), the Court finds that Defendant has failed to overcome this presumption as to the safety of any other person and the community based on the overwhelming evidence of guilt, Defendant's criminal record, his gang affiliation and the fact that the offense was committed while Defendant was already under court supervision.

Therefore, the Court hereby REVOKES Judge Speight's order and ORDERS that Defendant shall be detained pending trial.

Let the Clerk file a copy of this Order electronically and notify all counsel of record, the United States Marshals Service, the Probation Officer of the Court and Magistrate Judge Speight.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: January 7, 2026